JOHN A. LEE, SBN 229911
jlee@banishlaw.com
JENNIFER L. ISHIMOTO, SBN 211845
ishimoto@banishlaw.com
BANIE & ISHIMOTO LLP
1370 WILLOW ROAD, 2ND FLOOR
MENLO PARK, CA 94025
Telelphone: (650) 241-2774
Facsimile: (650) 241-2770

Attorneys for Plaintiff BIZXCHANGE, INC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIZXCHANGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIZXUP.COM, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff BIZXCHANGE, INC. ("BizX") by and through their undersigned counsel, state, with knowledge of his own acts and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1. This is an action for damages and equitable relief arising from BIZXUP.COM ("Defendant" or "BIZXUP") infringement of BizX's trademark, U.S. Trademark No. 76488749, registered on August 17, 2004 ("BizX Mark").

2. For Defendant's unlawful activity, Plaintiff BizX seeks permanent injunctive relief; an accounting and award of Defendant's profits; compensatory, treble, and/or statutory

-1-

damages; an award of costs and attorneys' fees; and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a), and under 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

4. This Court has personal jurisdiction over Defendant because Defendant's business activities, including but not limited to their website (http://www.bizxup.com) hosted in the United States is directed to the citizens of this district and such activities fall within the State of California's Long Arm Statute, CA Civ. Proc. §410.1.  Defendant transacts and conducts business within this Districts for example making their website accessible and publicly available to the residents of this state, and thus Defendants otherwise have made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a), (b), and (c), because part of the acts or omissions giving rise to BizX's claims occurred in this District, and Defendant have sufficient connection with the Northern District of California to make venue proper in this District.

## INTRADISTRICT ASSIGNMENT

6. This is an Intellectual Property matter, and, therefore, there is no basis for assignment to any particular division pursuant to Civil L.R. 3-2(c).

## PARTIES

7. Plaintiff BizX is Washington Corporation with offices in the United States at 3600 136th Place SE, Suite 270, Bellevue, WA 98006, and 1305 Franklin Street, Suite 220, Oakland, CA 94612. Internationally, BizX has an office in Dubai located at Commercial Bank of Dubai, Office M-05, Mezzanine Floor, Sheikh Zayed Road, Dubai, UAE.

8. BizX was founded in 2002. BizX works with over 2000 companies around the world and facilitates transactions for approximately $50 million in goods and services. BizX operates the website, www.bizx.com.

9. BizX first used the BizX Mark in commerce on February 20, 2002, and filed for federal registration of the BizX Mark on February 10, 2003. The United States Patent and Trademark Office registered the BizX Mark on August 17, 2004. Ever since its first use of the BizX Mark, BizX has been continuously using the mark.

10. In accordance with its federal registration of its work mark, BizX has used and is using the following mark.

bizx®

BizX operates the website, www.bizx.com, in which products and services are offered for sale, and business transactions are conducted. BizX is a community of businesses that uses its own trusted currency, BizX dollars, to buy and sell goods and services with other members. BizX helps businesses and local economies grow through smarter trade.

-3-

11. BizX uses its BizX mark throughout its website. BizX has spent significant sums promoting and branding its services with the BizX mark. The following is an example of BizX's mark on its website:



12. Defendant BizX Group, Inc. is a company in India with a place of business address located at 340 G.T.Road Suraj Bhawan, Besides Great Eastern Electronics, Salkia Chowrasta, Howrah, West Bengal, India.  Defendant operates the website, www.bizxup.com. Defendant repeatedly uses BizX's mark unlawfully.

**DEFENDANT'S UNLAWFUL ACTIVITIES**

13. Upon information and belief, Defendant uses the BizX mark without BizX's permission on Defendant's website, www.bizxup.com, for example:



14. Upon information and belief, Defendant website is hosted on servers in the United States.

**FIRST CAUSE OF ACTION – TRADEMARK INFRINGEMENT**

15. BizX repeats and re-alleges each and every allegation contained in the preceding paragraphs in this Complaint, and incorporates them herein by reference.

16. Defendant's distribution, marketing, promotion, offering for sale, and sale of goods and/or services under the BizX Mark is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendant's goods and/or services. As a result of Defendant's unauthorized use of trademarks that are identical to BizX's federally registered mark, the public is likely to believe that Defendant's goods and/or service have been manufactured, approved by, or are affiliated with BizX. Consequently, BizX's ability to gain revenue through its legitimate use of the mark has been limited by Defendant.

17. Defendant's infringement of BizX's Mark is willful, intended to reap the benefit of the goodwill of BizX, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

18. As a result of Defendant's conduct, BizX has suffered, and will continue to suffer, substantial damages. Under 15 U.S.C. § 1117(a), BizX is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct, damages suffered by BizX, and the costs of this Action.

19. In addition, because Defendant's infringement of BizX's Mark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).

20. BizX preserves its right for statutory damages for Defendants' counterfeit marks under 15 U.S.C. § 1117(c), for each type of good or service using the unlawful mark, of at least $1,000 and no more than $100,000.

21. BizX is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). BizX has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) BizX's trademark is unique and valuable property which has no readily determinable market value, (b) Defendant's infringement constitutes harm to BizX such that BizX could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendant's wrongful conduct, and the resulting damage to BizX, is continuing.

## SECOND CAUSE OF ACTION – CYBERPIRACY

22. BizX owns the BizX mark and owns the registered domain name, bizx.com.

23. BizX Group unlawfully uses BizX's mark including through its registration and use of bizxup.com.

24. BizX preserves its right for statutory damages against Defendant pursuant to 15 U.S.C. § 1117(c) for Defendant's use of the www.bizxup.com domain name, for at least $1,000 and no more than $100,000.

## THIRD CAUSE OF ACTION – FEDERAL UNFAIR COMPETITION

25. BizX repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

26. Defendant's distribution, marketing, promotion, offering for sale, and sale of good and services bearing the BizX Trademark constitute false designations of origin and false descriptions or representations that Defendant's website and its products and services originate from or are authorized by BizX when in fact they are not. Such conduct limits BizX's ability to interact with potential customers.

27. As a result of Defendant's unauthorized use of the BizX trademark, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendant's website and Defendant's products and/or services.

28. Defendant's conduct is willful, intended to reap the benefit of BizX's goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

29. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

30. As a result of Defendants' wrongful conduct, BizX has suffered and will continue to suffer damages. BizX is entitled to injunctive relief and to an order compelling the impounding of all imitation trademarks being used, offered, advertised, marketed, installed, or distributed by Defendants.

31. BizX has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) BizX's Mark is unique and valuable property which have no readily determinable market value, (b) Defendant's infringement constitutes harm to BizX such that BizX could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendant's wrongful conduct, and the resulting damage to BizX, is continuing.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seek judgment against Defendant as follows:

1. For appropriate injunctive relief including an injunction barring Defendant from using the BizX mark

2. Awarding BizX its actual damages, pursuant to 15 U.S.C. § 1117(a) & trebling damages pursuant to § 1117(b).  If elected, awarding statutory damages pursuant to § 1117(c) & (d).

3. Awarding BizX its actual damages, trebled pursuant to 15 U.S.C. § 1117(c), arising out of Defendants' acts of willful unfair competition.

4. Awarding to BizX interest, including pre-judgment interest, on the foregoing sums.

5. Awarding BizX its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b).

6. Awarding BizX exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

7. Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods offered, advertised, or promoted by or on behalf of Defendant are authorized by BizX or related in any way to BizX's products or services.

8. Directing that Defendant file with the Court and serve upon BizX's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

9.     Awarding BizX such other and further relief as the Court may deem just and proper.

Dated: November 3, 2014

By: /s/ John A. Lee

**JOHN A. LEE**
BANIE & ISHIMOTO LLP
1370 WILLOW ROAD, 2ND FLOOR
MENLO PARK, CA 94025
Telelphone: (650) 241-2774
Facsimile: (650) 241-2770

**Attorney for Plaintiff BIZXCHANGE, INC**

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Constitution of the United States, Plaintiff BIZXCHANGE, INC. demands a trial by jury for all issues so triable.

Dated: November 3, 2014

By: /s/ John A. Lee

**JOHN A. LEE**
BANIE & ISHIMOTO LLP
1370 WILLOW ROAD, 2ND FLOOR
MENLO PARK, CA 94025
Telelphone: (650) 241-2774
Facsimile: (650) 241-2770

**Attorney for Plaintiff BIZXCHANGE, INC**

-1-